Rachel Flinn, Esq. #027000
3838 N. Central Ave., Ste. 800
Phoenix, Arizona 85012
(602) 277-8996
Attorney for Russell Brown, Chapter 13 Trustee

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| In re:<br><br>GLENN STEVEN FERRIS,<br><br>and<br><br>WENDY ANN FERRIS,<br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:20-bk-08691-DPC<br><br>**SECOND APPLICATION FOR APPROVAL OF SETTLEMENT OF PERSONAL INJURY CLAIM AND PAYMENT OF FEES AND COSTS OF SPECIAL COUNSEL FOR TRUSTEE** |
|---|---|

The application of Russell Brown, duly appointed Trustee in the above captioned matter, by and through undersigned counsel, respectfully represents:

1. On July 28, 2020, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code.

2. On or about November 12, 2020, Debtor, Wendy Ann Ferris, was involved in a vehicle accident.

3. On or about November 16, 2020, Debtor executed a fee agreement, whereby they agreed to employ Tyler Sorensen, Esq. of Breyer Law Offices, ("Breyer"), to represent them in a personal injury matter on a contingency fee basis. By signing the fee agreement, the Debtors agreed to employ Breyer to represent them in the matter on a contingency fee basis of thirty-three and 1/3 percent (33.3333%) of any gross settlement, plus costs.

4. In addition, on or about May 14, 2021, Debtor executed a fee agreement, whereby

they agreed to employ , Matthew R. Boatman of Gallagher & Kennedy, P.A. to represent them in a personal injury matter on a contingency fee basis. By signing the fee agreement, the Debtors agreed to employ Matthew R. Boatman of Gallagher & Kennedy, P.A. to represent them in the matter on a contingency fee basis of thirty-three and 1/3 percent (33.3333%) of any gross settlement, plus costs.

5. Any net recovery will be treated as a supplement to the Plan with payments going to priority and general unsecured creditors first.

6. On June 23, 2021, the Trustee filed a Joint Application Approving First Application to Appoint Special Counsel; and Approval of Settlement of Personal Injury Claim and Payment of Fees and Costs to Special Counsel for the Trustee ("First Application") See, Docket #42. The First Application sought to retain Tyler Sorensen, Esq. of Breyer Law Offices, ("Breyer")as special counsel and approve the gross settlement of $25,000.00 from the insurance policy of the adverse party.

7. In addition, on June 23, 2021, the Trustee filed a Second Application to Appoint Matthew R. Boatman of Gallagher & Kennedy, P.A. to represent the estate in pursuing the Debtors' interest the underinsured policy award ("Second Application to Appoint") See, Docket #44).

8. On July 20, 2021, at Docket #53, the Court entered an order approving the First Application as follows:

    (a) Tyler Sorensen, Esq. of Breyer Law Offices, ("Special Counsel"), to represent them in a personal injury matter on a contingency fee; and

    (b) Approving the settlement as to the adverse party's insurance carrier as follows:

2

Case 2:20-bk-08691-DPC    Doc 64    Filed 01/25/22    Entered 01/25/22 13:46:08    Desc
Main Document    Page 2 of 10

(i) Approving the total gross recovery in the amount of $25,000.00;

(ii) Approving the fees of special counsel in the amount of $8,333.33;

(iii) Approving the costs of special counsel in the amount of $407.75;

(iv) Approving payment of the Equian Medical Lien in the amount of $1,070.11; and

(v) Approving the payment of the remainder of the funds in the amount of $15,188.81 to the Estate to be paid out first on priority unsecured claims, then on general unsecured claims, and if a balance remains after payment of all allowed unsecured claims, the remainder of the funds shall be treated as advanced plan payments, after deductions for administrative Trustee fees. If the Estate receives any additional settlement proceeds in excess of the $15,188.81 from the settlement with the adverse party's insurance carrier, they shall be paid out first on priority unsecured claims and then on general unsecured claims, after deductions for administrative Trustee fees.

9. On July 20, 2021, at Docket #54, the Court also entered an order granting the Second Application which provided the following:

(a) Authorizing the employment of Matthew R. Boatman of Gallagher & Kennedy, P.A., as Special Counsel to the Trustee in order to pursue the underinsured motorist portion of the Debtors' personal injury claim; and

(b) That any final award of attorney fees and costs must be approved by the Bankruptcy Court pursuant to 11 U.S.C. § 330(a)(1) and Rule 2016(a) and noticed out to all creditors and the United States Trustee.

10. Given that the Debtors chose to retain alternative counsel after settlement of the first insurance offer, the funds from the original settlement were sent to Matthew R. Boatman of Gallagher and Kennedy. Mr. Boatman has held the funds from the first settlement in his trust

account pending the settlement of the underinsured motorist portion of the claim. Therefore, the attached settlement sheet provides that in addition to the current pending underinsured motorist settlement, Matthew Boatman of Gallagher and Kennedy is authorized to disburse all funds from the original settlement with Bristol West Insurance in accordance with the terms of the order approving settlement at Docket #53.

11. The parties have reached an agreement to settle the underinsured motorist portion of the personal injury claim in the amount of $100,000.00. If there are any outstanding liens for medical expenses or post-petition medical bills, which have not been listed below, the claimant must appropriately object to the terms of this application.

12. The contingency fee charged in this personal injury matter is 33 1/3 % of all amounts recovered by Matthew R. Boatman of Gallagher and Kennedy, plus costs. Pursuant to the settlement agreement, Matthew R. Boatman of Gallagher and Kennedy is set to receive $33,333.33, plus costs of $1,205.57.

13. Per the order at Docket #53 Equian was awarded a lien of $1,070.11 from the Bristol West Settlement. Due to continuing medical treatment incurred after the date of the First Settlement, Equian shall be paid an additional amount of $1,082.17 from the Farmers Insurance Settlement. The total amount that Equian will be paid on its lien pursuant to both settlements is $2,152.28.

14. The Debtors' Chapter 13 bankruptcy estate will realize $64,378.93 from the Farmers Insurance settlement for underinsured motorist coverage .

//

//

//

| | |
|---|---:|
| **Total Gross Recovery** | $100,000.00 |
| **Less**: | |
| **Fees of Special Counsel** | $33,333.33 |
| **Costs of Special Counsel** | $1,205.57 |
| **Equian Medical Lien** | $1,082.17 |
| **Net Recovery to Estate** | $64,378.93 |

15. The net recovery shall be retained by the Trustee and will be paid first to priority unsecured creditors, then to allowed non-priority unsecured creditors, and finally as advanced plan payments, after deductions for administrative Trustee fees.

16. The Trustee notes that the net recovery between the two settlements is in excess of the amount needed to pay 100% of allowed unsecured claims and the remainder of the Debtors' required secured plan payments. Prior to sending the net proceeds to the Trustee, Mr. Boatman is to contact the Trustee's office to determine the approximate payoff amount including all ongoing conduit mortgage payments. The Trustee's office will provide Mr. Boatman with the payoff amount. Mr. Boatman is authorized to disburse excess funds not necessary to pay the remainder of the Debtors' Chapter 13 Plan directly to the Debtors.

17. Bankruptcy courts have broad discretion in approving settlement agreements. *In re Woodson* 839 F.2d 610, 620 (9th Cir. 1988). When deciding whether a settlement is fair and equitable, the Court should consider the following four factors: (1) the probability of success in litigation; (2) the difficulties to be encountered in collection; (3) the complexity of the litigation involved as well as the cost, inconvenience and delay that further litigation would entail; and (4) the paramount interest of creditors and proper deference to their reasonable views. *Id*.

18. If the case proceeded to trial, the costs of continued litigation would exceed the

benefit to the estate. In addition, the Trustee asserts that any further litigation would result in an unreasonable delay in the distribution of the settlement proceeds to unsecured creditors. Further, the settlement is in the best interests of all parties as it will provide for 100% payment to allowed unsecured creditors and will satisfy the remainder of the required secured plan payments.

19. Based on the foregoing, the Trustee believes that the settlement is fair and equitable and further litigation will not appreciably advance the interests of justice. At this time, it is in the best interest of the estate and its unsecured creditors that this settlement agreement be approved.

**WHEREFORE**, the Trustee requests that the Court approve the settlement for $100,000.00; and that after proper notice pursuant to L.R.B.P. 9013-1(k)(1)(B) the Trustee retain the combined net recovery of $64,378.93[1], to be paid first to priority unsecured creditors, then to allowed non-priority unsecured creditors, and finally as advanced plan payments, after deductions for administrative Trustee fees. In addition, the Trustee requests that the Court authorize Matthew R. Boatman of Gallagher and Kennedy to disburse the Bristol West settlement proceeds in accordance with the Court's prior order at Docket #53, this includes paying fees and costs as awarded to Debtors' former personal injury attorney Tyler Sorensen, Esq. of Breyer Law Office.

Rachel E. Flinn, Esq.  ABN 027000
Staff Attorney for Chapter 13 Trustee
*Rflinn@ch13bk.com*

---

[1] Before disbursing the net settlement proceeds Matthew R. Boatman of Gallagher and Kennedy shall contact the Trustee's office to determine the approximate amount of the plan payoff and will then disburse any excess settlement proceeds directly to the Debtors.

| | |
|---|---|
| 1 | Copy of the foregoing mailed or emailed |
| 2 | to the following parties and all providers on the attached settlement sheet on the |
| 3 | date of the electronic signature affixed hereto: |
| 4 | |
| 5 | THOMAS ADAMS MCAVITY<br>Phoenix Fresh Start Bankruptcy |
| 6 | documents@phxfreshstart.com |
| 7 | (Debtors' Bankruptcy Attorney) |
| 8 | |
| 9 | Matthew R. Boatman |
| | matt.boatman@gknet.com |
| 10 | (Current Special Counsel/Personal Injury Attorney) |
| 11 | |
| 12 | Tyler Sorensen, Esq. |
| 13 | Breyer Law Offices, P.C. |
| 14 | tyler@breyerlaw.com |
| | (Prior Special Counsel/Personal Injury Attorney) |
| 15 | |
| 16 | Elizabeth C. Amorosi, Esq. |
| 17 | OFFICE OF THE UNITED STATES TRUSTEE |
| 18 | Elizabeth.C.Amorosi@usdoj.gov |
| 19 | |
| | Farmers Insurance |
| 20 | PO Box 268994 |
| 21 | Oklahoma City, OK 73126 |
| 22 | (Debtors' Insurance Provider) |
| 23 | |
| 24 | Equian<br>P.O. Box 182643 |
| 25 | Columbus, Ohio 43218 |
| 26 | mcollins1@equian.com |
| 27 | (Medical Lien) |
| 28 | |



Matthew R. Boatman
Attorney
Direct: 602-530-8057
Email: matt.boatman@gknet.com

January 20, 2022

Wendy Ferris

    Re:    *Ferris vs. Babuta*

| | |
|---|---:|
| **Total Settlement:** | |
|     Farmers Insurance (UIM) | $ 100,000.00 |
| | |
| **Less:** | |
|     Attorneys' Fees, 33 1/3% | $ 33,333.33 |
|         (on Farmer's recovery) | |
|    Costs | |
|      Gallagher & Kennedy: | $ 1,205.57 |
|     Equian (Reduced from $3,228.41): | $ 1,082.17 |
| | |
| **Net to Client:** | $ 64,378.93 |

In addition, to the amounts noted above, Gallagher & Kennedy is authorized to disburse funds from the $25,000.00 net settlement from the adverse motorist insurance coverage with Bristol West according to the attached order approving settlement entered by the Bankruptcy Court on July 20, 2021, at Docket #53.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>GLENN STEVEN FERRIS,<br><br>and<br><br>WENDY ANN FERRIS,<br><br><br><br>Debtors. | In Proceedings Under Chapter 13<br><br>Case No. 2:20-bk-08691-DPC<br><br>**ORDER APPROVING FIRST APPLICATION TO APPOINT SPECIAL COUNSEL; AND FOR APPROVAL OF SETTLEMENT OF PERSONAL INJURY CLAIM AND PAYMENT OF FEES AND COSTS OF SPECIAL COUNSEL FOR TRUSTEE** |

The Court, having received no objections to the Trustee's First Application To Appoint Special Counsel; And For Approval of Settlement of Personal Injury Claim and Payment of Fees and Costs of Special Counsel:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

(1) Tyler Sorensen, Esq. of Breyer Law Offices, ("Special Counsel"), to represent them in a personal injury matter on a contingency fee

(2) Approving the settlement as to the adverse party's insurance carrier as follows:

(a) Approving the total gross recovery in the amount of $25,000.00;

(b) Approving the fees of special counsel in the amount of $8,333.33;

(c) Approving the costs of special counsel in the amount of $407.75;

(d) Approving payment of the Equian Medical Lien in the amount of $1,070.11;

|   |   |
|---|---|
| 1 | (e) Approving the payment of the remainder of the funds in the amount of |
| 2 | $15,188.81 to the Estate to be paid out first on priority unsecured claims, then on general unsecured |
| 3 | claims, and if a balance remains after payment of all allowed unsecured claims, the remainder of the |
| 4 | funds shall be treated as advanced plan payments, after deductions for administrative Trustee fees. |
| 5 | If the Estate receives any additional settlement proceeds in excess of the $15,188.81 from the |
| 6 | settlement with the adverse party's insurance carrier, they shall be paid out first on priority |
| 7 | unsecured claims and then on general unsecured claims, after deductions for administrative Trustee |
| 8 | fees. |

**SIGNED AND DATED ABOVE**